[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE (#101)
The plaintiff, Morton Mass, filed a two-count complaint against the defendant, Royal Display Corporation on June 10, 1996. The plaintiff alleges that the defendant breached an oral agreement to pay a commission in exchange for orders for display items on accounts procured by the plaintiff. The second count alleges unjust enrichment. The defendant filed a motion to strike (#101) both counts on July 3, 1996, and the plaintiff filed a memorandum in opposition on July 31, 1996 (#102).
"The purpose of a motion to strike is to `contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff." Novametrix Medical Systems,Inc. v. BOC Group, Inc., 224 Conn. 210, 214-15, 618 A.2d 25
(1992). "A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts CT Page 8314 alleged." Id., 215.
The defendant argues that the plaintiff's first count is based upon an express oral contract which is barred by the Statute of Frauds, General Statutes § 52-550 (a)(5).[1] The complaint provides that the "Plaintiff and Defendant orally agreed that the Defendant would pay the Plaintiff a 10% commission for all orders for display items for all accounts procured by the plaintiff for the defendant." (Complaint ¶ 3). The defendant maintains that the contract is a perpetual contract, and like the contract in Burkle v. SuperflowManufacturing Co. Inc., 137 Conn. 488, 78 A.2d 698 (1951), it falls within the statute of frauds.
The Supreme Court has spoken clearly regarding the performance aspect of the statute, stating that "the one-year provision `is an anachronism in modern life.'" C.R. Klewin, Inc.v. Flagship Properties, 220 Conn. 569, 582, 600 A.2d 772 (1991). "[T]he courts have for many years looked on the provision with disfavor, and have sought constructions that limited its application." Id., 577. The court held that "an oral contract that does not say, in express terms, that performance is to have a specific duration beyond one year is, as a matter of law, the functional equivalent of a contract of indefinite duration for the purposes of the statute of frauds. Like a contract of indefinite duration, such a contract is enforceable because it is outside the proscriptive force of the statute regardless of how long completion of performance will actually take." Id. 583-84. In the C.R. Klewin case, the trial court had found that complete performance of the contract at issue was realistically impossible. The Supreme Court held that this was not the correct test, that the correct test was whether "its terms are so drawnthat it cannot by any possibility be performed fully within one year." (Emphasis in the original.) Id., 580.
The contract in the Burkle case relied upon by the defendant is factually similar to the contract at issue here. The parties agreed that the plaintiff would solicit orders for plumbing equipment, and the defendant would deliver the equipment and pay a 10 percent commission. Burkle v. Superflow Mgf. Co., supra,137 Conn. 490. The court held that it could not read any limitation into the language of the contract which removed it from the statute, and therefore the statute applied. The court in C.R.Klewin distinguished the case, however, pointing out that the contract in Burkle was not for personal services where the CT Page 8315 possibility of the death of one of the parties takes it out of the statute, but between business entities which are bound regardless of the death of its employees. The court rejected the idea that all the partners could die or that the partnership could dissolve. Burkle v. Superflow Mfg. Co., supra, 137 Conn. 493-94. The court in C.R. Klewin, Inc. held that the Burkle case did not change the rule of narrow construction, but refused to extend the rules by which the statute has been limited. C.R.Klewin. Inc. v. Flagship Properties, Inc.,, 220 Conn. 581-81. While not expressly overturning Burkle, the court limited its application.
The complaint alleges that the plaintiff is an independent sales representative, therefore Burkle does not apply to this contract. Furthermore, the strong language of the C.R. Klewin
case mandates a narrow construction of the rule and leads to the inescapable conclusion that the contract at issue must by its terms state that performance can only occur beyond one year. The plaintiff has not alleged any time frame for performance, and therefore the contract as alleged does not fall within the statute of frauds, and the motion to strike the first count is denied.
The defendant next argues that the second count alleging unjust enrichment is barred by the allegations of an express oral contract, and the plaintiff has not alleged the elements of unjust enrichment. The plaintiff responds by referring the court to a Connecticut Digest section. "Parties who have entered into controlling express contracts are bound by such contracts to the exclusion of inconsistent implied contract obligations. Proof of a contract enforceable at law precludes the equitable remedy of unjust enrichment, at least in the absence of a breach of the contract by the defendant." (Internal citations omitted.)Polverari v. Peatt, 29 Conn. App. 191, 199, 614 A.2d 484 (1992). The second count incorporates the first count and concludes that retention by the defendant of the commissions constitutes unjust enrichment.
Connecticut permits parties to plead alternative and even inconsistent theories in the same action. Practice Book §§ 94 and 137; Marrin v. Spearow, 35 Conn. App. 398, 401, 646 A.2d 254
(1994).
The agreement described in the first count may not be enforceable, and the plaintiff can therefore plead unjust CT Page 8316 enrichment in the alternative.
RICHARD J. TOBIN, JUDGE